Filed 5/24/21  P. v. Swanigan CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B309387 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA038012) |
| v. | |
| DAMON EDWARD SWANIGAN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Juan Carlos Dominguez, Judge.  Appeal dismissed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Damon Swanigan appeals from an order denying his motion to correct his sentence.  For the reasons explained below, we dismiss the appeal.

## BACKGROUND

In 1998, a jury convicted Swanigan of two counts of robbery and found that he used a firearm in committing the offenses.  (Pen. Code, §§ 211, 12022.5, subd. (f).)  Two prior serious felony convictions and "strikes" were also found true, and the court sentenced Swanigan to 25 years to life, plus 10 years for the firearm use finding and 10 years for the two prior serious felony convictions.

We affirmed the conviction and sentence in an unpublished opinion.

On 2020, Swanigan filed a motion in the superior court to correct an unauthorized sentence, arguing that when the court at his trial asked him whether he would submit to a court trial on the truth of the allegations regarding his prior convictions, the court misinformed him regarding the elements necessary to sustain the allegations.  Swanigan argued the court told him that the only issue would be whether a five-year period had elapsed between his release from custody in a prior case and his commission of the new offense, as opposed to finding that he had in fact suffered the prior convictions.  Swanigan argued that findings the trial court made after this misrepresentation were therefore unlawful, and his strike sentence based on them likewise unlawful.

The trial court summarily denied Swanigan's petition on the ground that his case had long been final.

Swanigan appealed.

Swanigan's appellate counsel filed a brief raising no issues on appeal and requesting that we independently review the record pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*) to determine if the lower court committed any error.  Counsel sent a

2

copy of the brief and the record to Swanigan and informed him that he may file a supplemental brief.  On April 6, 2021, we sent a letter to Swanigan informing him that he may submit by brief or letter any grounds of appeal contentions, or argument that he wished us to consider.  He has not responded.

"Where a defendant has been afforded all the constitutional protections of a first appeal of right," he is not entitled to our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  But when *Wende* does not apply, an appellant in a criminal case has the right to file a supplemental brief and to our review of his or her contentions.  (See *Serrano*, *supra*, 211 Cal.App.4th at p. 503.)

We are satisfied that Swanigan's counsel has fully complied with his responsibilities.  (See *Serrano*, *supra*, 211 Cal.App.4th at p. 503.)  In the absence of any supplemental brief, we conclude there is no arguable issue and dismiss the appeal.

## DISPOSITION

The appeal is dismissed.
NOT TO BE PUBLISHED

CHANEY, J.

We concur:

BENDIX, Acting P. J.

FEDERMAN, J.[*]

---

[*] Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.